UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| M. B. M. ASSOC., INC., <br> an Illinois corporation, <br> <br> Plaintiff, <br> <br> v. <br> <br> MANAGEMENT REGISTRY, INC., <br> MALONE NEXTAFF, LLC, <br> MRI HOLDINGS, LLC, TIM MALONE, <br> TERRY MALONE, JOE MALONE, <br> MALONCORE, LLC and MYLIANCE, LLC <br> <br> Defendants. | Case No. 19-8039 |

## VERIFIED COMPLAINT

Plaintiff, M.B.M ASSOC., INC. ("Plaintiff"), an Illinois corporation, by and through its attorneys, and for its Verified Complaint against the Defendants, Management Registry, Inc., Malone Nextaff, LLC, MRI Holdings, LLC, Tim Malone, Terry Malone, Joe Malone, MaloneCore, LLC and Myliance, LLC (collectively "Defendants") states as follows:

## PARTIES

1. Plaintiff is an Illinois corporation with its principal place of business located in Long Grove, Lake County, Illinois.

2. Defendant, Management Registry, Inc. ("Management Registry"), is a Kentucky corporation with its principal place of business located in Louisville, Kentucky.

3. Defendant, Tim Malone ("Tim"), is an individual who is domiciled, upon information and belief, in Louisville, Kentucky.

4. Defendant, Terry Malone ("Terry"), is an individual who is domiciled, upon information and belief, in Louisville, Kentucky.

5. Defendant, Joe Malone ("Joe"), is an individual who is domiciled, upon information and belief, in Louisville, Kentucky.

6. Defendant, MaloneCore, LLC ("MaloneCore'), is a Kentucky limited liability company with its principal place of business in Louisville, Kentucky.

7. Defendant, Myliance, LLC ("Myliance"), is a Kentucky limited liability company with its principal place of business in Louisville Kentucky.

8. Defendant, Malone Nextaff, LLC ("Nextaff"), is a Kentucky limited liability company with its principal place of business in Louisville Kentucky.

9. Defendant, MRI Holdings, LLC ("MRI"), is a Kentucky limited liability company with its principal place of business in Louisville Kentucky.

10. Defendants, Tim, Terry, Joe, MaloneCore, Myliance, Nextaff and MRI are sometimes collectively referred to as "Guarantors".

## JURISDICTION AND VENUE

11. This cause of action filed by Plaintiff is the result of the Defendants' breach of the Secured Subordinated Seller Note dated September 7, 2017 ("Note") (The Note is attached hereto as Exhibit 1.)

12. Pursuant to Paragraph 22 of the Note, Plaintiff and Management Registry agreed that venue is appropriate in the United States District Court for the Northern District of Illinois, Eastern Division.

13. In addition to the Note being the subject matter of this Complaint, Plaintiff is also alleging breach of Guaranty Agreement entered into between Tim, Terry, Joe, MaloneCore, Myliance, MRI and M.B.M. on September 7, 2017 (the "Guaranty"). (The Guaranty is attached hereto as Exhibit 2.)

14. Pursuant to Paragraph 12 of the Guaranty, the Guarantors agreed that venue was appropriate in the United States District Court for the Northern District of Illinois, Eastern Division.

15. This Court has jurisdiction over this matter pursuant to 28 U.S.C.§ 1332 (a)(1) which provides that the District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

16. Plaintiff is domiciled in the State of Illinois.

17. Defendants, upon information and belief, are all domiciled in the State of Kentucky.

18. In addition, the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## COUNT I - BREACH OF NOTE

19. Plaintiff reincorporates and realleges Paragraphs 1-18 as if fully alleged herein.

20. On or about September 7, 2017, companies owned and/or controlled by Mel Zwirn and Mary Zwirn (collectively the "Zwirns") sold assets and stock to Management Registry, along with other entities. The transaction was documented, in part, through a stock purchase agreement (the "Stock Purchase Agreement") and an asset purchase agreement (the "Asset Purchase Agreement").

21. The sellers, pursuant to the terms of the Stock Purchase Agreement, were the Zwirns, and Allan Brown. The sellers, pursuant to the terms of the Asset Purchase Agreement, were AllStaff Recruiting, Inc., M.Z.M., Inc., and M.M.D., Inc. In addition, the Note listed the Plaintiff, MelMarie, Inc., MMDK, Inc., Allstaff, Inc., Andrews Staffing, Inc., Selectec, Inc., Digital Staffing, Inc., Andrews Staffing of Wisconsin, Inc., and Employability Group of Arizona, Inc. The

sellers named in the Stock Purchase Agreement and the Asset Purchase Agreement are collectively referred to herein as "Sellers" or the "Payees" of the Note.

22. Management Registry is a named buyer pursuant to both the Asset Purchase Agreement and the Stock Purchase Agreement.

23. Pursuant to the Asset Purchase Agreement and the Stock Purchase Agreement, Management Registry agreed to pay the Sellers the total sum of $21,000,000.00, subject to certain adjustments.

24. A portion of the purchase price was in the form of the Note (Exhibit 1). The original principal sum of the Note was $6,000,000.00.

25. Pursuant to paragraph 13 of the Note, Plaintiff was named "Administrative Payee" of the Note.

26. As Administrative Payee, Plaintiff has the right to exercise all the rights that the Payees have pursuant to the terms and conditions of the Note. In addition, Plaintiff has the right to perform any duties the Payees would have under the Note including to take such action on behalf of the Payees pursuant to the provisions of the Note. (Paragraph 13, Exhibit 1.)

27. From on or about October 7, 2017 through on or about May 7, 2018, Management Registry made its monthly payments to Plaintiff pursuant to the terms and conditions of the Note to Plaintiff.

28. However, in or around June 2018, Management Registry stopped making payments to Plaintiff as required pursuant to the Note.

29. On September 6, 2019, the Payees of the Note declared a default of the Note and served Management Registry with notice of the same. On the same date, the Payees declared a default of the Guaranty by the Guarantors and served notice of the same upon the Guarantors.

30. Plaintiff and the remaining Payees have performed all the terms and conditions of the Note.

31. Management Registry has failed to perform the terms and conditions of the Note by failing to pay those sums due Plaintiff, as Administrative Payee, pursuant to the Note. Therefore, Management Registry is in default of its obligations pursuant to the terms and conditions of the Note.

32. The present principal balance of the Note, exclusive of interest, fees and costs is $4,712,881.00.

33. Pursuant to Paragraph 9.1 of the Note, upon a default, the interest rate shall increase by 7% per annum. Therefore, interest continues to accrue on the outstanding principal balance at the rate of 10% per annum.

34. In addition, upon a default, pursuant to Paragraph 9.2 of the Note, all outstanding sums are now due and owing the Plaintiff.

35. Furthermore, pursuant to Paragraph 9.2 of the Note, the Plaintiff is entitled to its attorneys' fees and costs incurred by Plaintiff in the collection of the sums due pursuant to the Note.

36. Plaintiff is therefore entitled to the outstanding principal in the sum of $4,712,881.00 accrued interest at the rate of 10% per annum from June 2018 to the filing of this Complaint and attorneys' fees.

## COUNT II – BREACH OF GUARANTY

37. Plaintiff incorporates paragraphs 1 through 36 as if fully set forth herein as paragraphs 1-36 of this Count II.

38. On or about September 7, 2017, the Payees and Management Registry entered into the Note. (Exhibit 1.)

39. Guarantors guaranteed the payment and performance of the terms and conditions of the Note pursuant to the Guaranty. (Exhibit 2.)

40. Though no written demand is required, on September 6, 2019, the Payees served written notice of Management Registry's breach of the Note upon the Guarantors and demanded that the Guarantors perform the terms and conditions of the Guaranty.

41. Guarantors have failed to pay those sums due pursuant to the Note and the Payees' demand.

42. Plaintiff and the remaining Payees have performed all of their obligations pursuant to the Note and Guaranty.

43. Guarantors have failed to perform the terms and conditions of the Guaranty by failing to pay those sums due pursuant to the Note.

### COUNT III-BREACH OF CONSULTING AGREEMENT

44. Plaintiff incorporates paragraphs 1 through 43 as if fully set forth herein.

45. On September 7, 2017, Plaintiff and Management Registry entered into a Consulting Agreement. ("Consulting Agreement"). (Exhibit 3.)

46. The Consulting Agreement provided that Management Registry would make monthly installment payments to Plaintiff in the sum of $8,333.33 for the first 12 months and then monthly installment payments of $4,166.67 for the subsequent 24 months.

47. In total, Management Registry was to pay Plaintiff the sum of $200,000.00 over the term of the Consulting Agreement.

48. In or around June 2018, Management Registry unilaterally terminated the payments due Plaintiff. As of June 2018, Management Registry owed Plaintiff the sum of $133,333.33 pursuant to the Consulting Agreement.

49. On September 6, 2019, Plaintiff made a demand on Management Registry to pay those sums due pursuant to the Consulting Agreement. However, Management Registry has not paid Plaintiff those sums due and owing.

50. Therefore, Management Registry is in breach of the Consulting Agreement and is indebted to Plaintiff in the sum of $133,333.33.

51. Plaintiff has performed all of the terms and conditions of the Consulting Agreement.

**WHEREFORE**, Plaintiff, M.B.M. ASSOC., INC, prays this Honorable Court enter an order as follows:

A. As to Count I, Judgment in favor of Plaintiff, M.B.M. ASSOC., INC. in the principal sum of $4,712,881.00, plus accrued interest, attorneys' fees and costs as against the Defendant MANAGEMENT REGISTRY, INC.;

B. As to Count II, Judgment in favor of Plaintiff, M.B.M. ASSOC., INC., as against the Defendants, TIM MALONE, TERRY MALONE, JOE MALONE, MALONECORE, LLC, MYLIANCE, LLC, MRI HOLDINGS, LLC and MALONE NEXTAFF, LLC in the principal sum of $4,712,881.00., and

C. As to Count III, Judgment in favor of Plaintiff, M.B.M. ASSOC., INC., in the principal sum of $133,333.33., against the Defendant MANAGEMENT REGISTRY, INC.

**PLAINTIFF DEMANDS TRIAL BY JURY**

M.B.M. ASSOC., INC.

By: ___/s/ Elliot S. Wiczer___
      One of Its Attorneys

7

Elliot Wiczer
ewiczer@wsjlawfirm.com
Brian S. Feldman
bfeldman@wsjlawfirm.com
Wiczer Sheldon & Jacobs, LLC
500 Skokie Blvd., #325
Northbrook, IL 60062
847-849-4850